# In the United States Court of Federal Claims

## No. 12-689V
### (Filed Under Seal: November 16, 2015)[1]
### (Filed for Publication: December 4, 2015)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
**AMANDA GUERRERO,**                       \*
\*                 **National Childhood Vaccine Injury Act;**
**Petitioner,**           \*                 **42 U.S.C. § 300aa-15(e); Attorney's Fees**
\*                 **and Costs; Award of Fees and Costs**
**v.**                        \*                 **Associated with Motion for Review.**
\*
**SECRETARY OF HEALTH AND**              \*
**HUMAN SERVICES,**                       \*
\*
**Respondent.**          \*
\*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Lisa A. Roquemore</u>, Law Office of Lisa A. Roquemore, 30021 Tomas Street, Suite 300, Rancho Santa Margarita, CA, 92688, for Petitioner.

<u>Benjamin C. Mizer</u>, <u>Rupa Bhattacharyya</u>, <u>Vincent J. Matanoski</u>, <u>Voris E. Johnson, Jr.</u>, <u>Lara A. Englund</u>, United States Department of Justice, Civil Division, Torts Branch, P.O. Box 146, Benjamin Franklin Station, Washington, D.C., 20044, for Respondent.

_____

## OPINION

_____

**<u>WILLIAMS</u>**, Judge.

This vaccine injury case comes before the Court on Petitioner's Motion for Review of the Special Master's decision, <u>Guerrero v. Sec'y of Health & Human Servs.</u>, No. 12-689V, 2015 U.S. Claims LEXIS 757 (Fed. Cl. Spec. Mstr. May 22, 2015) ("Second SM Op."), awarding Petitioner reduced attorney's fees of $50,073.71, instead of her claimed $61,357.71. Following Petitioner's first Motion for Review, the Court remanded the matter to the Special Master for further explanation of his fee award. <u>Guerrero v. Sec'y of Health & Human Servs.</u>, 120 Fed. Cl. 474 (2015). The Special Master's decision is affirmed in part and reversed in part, and Petitioner

---

[1]     Pursuant to Vaccine Rule 18 of the Rules of the United States Court of Federal Claims, the Court issued its opinion under seal to provide the parties an opportunity to submit redactions. Neither party filed proposed redactions. Accordingly, the Court publishes this opinion.

is awarded $55,957.71.  In addition, the Court awards Petitioner $22,593.35 in attorney's fees and costs related to this Motion for Review.

## Background

On October 11, 2012, Amanda Guerrero filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10 to 34 (2012) ("Vaccine Act"), along with 534 pages of medical records and an expert report, alleging that she developed Guillain-Barré syndrome ("GBS") after receiving an influenza vaccine on September 22, 2011.  Guerrero, 120 Fed. Cl. at 477.  Petitioner's attorney began work on the case on February 21, 2012, almost seven months before filing the petition.  Id.  Petitioner represents that "'[a]n expert report was filed in support of the petition due to various complications in the case, without which 'reasonable basis' [a prerequisite for award of attorney's fees under 42 U.S.C. § 300aa-15(e) if the petitioner is not awarded compensation] may have been questioned.'"[2]  Id. (alteration in original).  These "complications" included two other possible causes for Petitioner's GBS – infections with the cytomegalovirus and the Epstein-Barr virus.  Id.

Over a year after Petitioner's counsel began work on the case, and roughly six months after the petition was filed, the parties engaged in settlement discussions, and "conditionally resolved" the case on April 3, 2013.  Id.  The case was resolved without any status conferences, and Respondent did not file a Vaccine Rule 4 report.  Id.  Petitioner was awarded a lump sum compensation payment of $165,000.

Petitioner filed her application for fees and costs on November 26, 2013, seeking $38,114 in attorney and paralegal fees, $17,000 in expert costs, and $752.31 in costs.  Respondent objected, arguing that the fees and costs were excessive.

The Special Master found that the amount of fees Petitioner sought was unreasonable, based on a comparison of Petitioner's claimed fees with his compilation of median fees and costs in Vaccine Act cases of similar procedural complexity.  Guerrero v. Sec'y of Health & Human Servs., No. 12-689V, 2014 U.S. Claims LEXIS 1142, at *11 (Fed. Cl. Spec. Mstr. Sept. 23, 2014) ("First SM Op.").  The Special Master did not cite any precedent for this construct and did not identify the cases from which he had derived some of the medians.  Guerrero, 120 Fed. Cl. at 478.  Comparing Petitioner's case to two of the categories of cases he had identified, the Special Master found that the procedural complexity of Petitioner's case did not warrant the hours Petitioner's counsel and paralegal spent.  First SM Op. *21.

In all, the Special Master awarded fees for 59.83 attorney hours at a rate of $355 per hour, and 34.37 paralegal hours at a rate of $125 per hour, along with reduced expert costs, expenses for the fee application, and other miscellaneous costs, for a total award of $48,779.61.

Petitioner sought review of the Special Master's reduced fee award in this Court on October 7, 2014, arguing that the Special Master applied a legally erroneous median test, and

---

[2]     The Vaccine Act provides for the recovery of attorney's fees when the petition was brought in good faith and there was a reasonable basis for the claim.  Cloer v. Sec'y of Health & Human Servs., 675 F.3d 1358, 1359 (Fed. Cir. 2012).

that his decision lacked sufficient specificity.  Petitioner also sought additional attorney's fees and costs totaling $16,221.20, reflecting the time spent in preparing her Motion for Review.

On review, this Court found:

> The Special Master failed to adequately explain why he reduced Petitioner's requested attorney hours by one-third.  The Special Master found that Petitioner's counsel "spent an unreasonable amount of time on a multitude of tasks to the effect that small incremental charges contributed to a submission in which Ms. Guerrero's fee request exceeds median fee awards by a large margin."  The Special Master did not identify any of the referenced "multitude of tasks" or "small incremental charges," cite any instance of overbilling, or identify a time period when billing levels were inappropriate in light of the tasks done.

Guerrero, 120 Fed. Cl. at 480-81 (internal citations omitted).  Further, the Special Master's opinion reflected a concern with excessive billing, finding that "[s]omething for which Ms. Roquemore is charging 0.3 hours can be reasonably accomplished in 0.1 hours.  Something for which she is charging 1.0 hours can be reasonabl[y] accomplished in 0.3 hours.  Something for which Ms. Roquemore spent 0.5 hours may have been redundant and, therefore unnecessary."  First SM Op. *20-21.  However, "[t]he Special Master did not identify any task he characterized as 'something' that was an excessive or redundant charge even by way of example."  Guerrero, 120 Fed. Cl. at 481.  This Court recognized that while the Special Master was not required to provide a "line-by-line analysis of the attorney's bills, he was required to state why he determined discrete tasks, categories of tasks, or components of attorney time to be noncompensable."  Id. (citing Gruber v. Sec'y of Health & Human Servs., 91 Fed. Cl. 773, 793 (2010) (reduction of fees "must be explained clearly . . . and reasonably based on the documents and facts of the particular case.")) (alteration in original).

Finding that the Special Master's median fee comparison approach did not "provide a basis for this Court to assess whether the Special Master's reduction of fees was rational or an abuse of discretion," this Court remanded the matter to the Special Master for a "clear and concise explanation of the fee award."  Id. at 483, 485.  In addition, this Court awarded Petitioner the requested $16,221.20 in fees and costs related to the Motion for Review.

On remand, the Special Master engaged in a detailed analysis of Petitioner's attorney's fees and costs request.  The Special Master acknowledged that a line-by-line analysis was not required, but nonetheless chose "to adopt this method to communicate the reasons for each reduction."  Second SM Op. *5.  The Special Master stated:

> The principle that attorneys must exercise judgment in submitting a request for attorneys' fees has two ramifications that are especially important in evaluating the fee application here.  First, activities that a paralegal can perform should be billed at a paralegal rate, regardless of whether an attorney or paralegal actually performed the work . . . .  Second, activities that are "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."  Attorneys may not separately charge for clerical or secretarial work because those charges are overhead for which the hourly rate accounts.

Id. at *4-5 (internal citations omitted).   The Special Master then divided the case into five discrete time periods, and engaged in a line-by-line analysis of questionable billing entries in each period.[3]  Id. at *5.

In his decision, the Special Master identified what he viewed as unreasonable billing by Petitioner's attorney, such as billing time for creation and review of documents which were simply modified from use in earlier cases, charging at least 0.1 hour for every task, even if de minimis, charging at an attorney rate for work which could have been performed by a paralegal, duplication of work between the attorney and paralegal, and charging at a paralegal rate for clerical work.  Id. at *37-38.   The largest single deductions in attorney and paralegal hours involved what the Special Master characterized as unnecessary duplication of work for counsel and her paralegal's review and summarization of Petitioner's medical records.  Id. at *10-11, 14.

The Special Master awarded Petitioner a total of $50,073.71, representing a reduction of $11,284 from Petitioner's request for $61,357.71.

Petitioner now seeks review of the Special Master's second fee decision, arguing that the Special Master abused his discretion in reducing fees and reassigning certain fees among attorney, paralegal, and clerical rates. Petitioner also seeks attorney's fees and costs for this second Motion for Review.

## Discussion

## Jurisdiction and Standard of Review

This Court exercises jurisdiction pursuant to Section 300aa-12(a) of the Vaccine Act.  In reviewing a decision rendered by a special master, this Court may: (1) uphold the findings of fact and conclusions of law by sustaining the special master's decision; (2) set aside any findings of fact or conclusions of law "found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and issue its own findings of fact or conclusions of law; or (3) "remand the petition to the special master for further action in accordance with the court's direction."  42 U.S.C. § 300aa-12(e)(2)(A)-(C) (2012); see Saunders v. Sec'y of Dep't of Health & Human Servs., 25 F.3d 1031, 1033 (Fed. Cir. 1994) (quoting Munn v. Sec'y of Dep't of Health & Human Servs., 970 F.2d 863, 870 n.10 (Fed. Cir. 1992)).

While legal conclusions of the special master are reviewed de novo, findings of fact are reviewed under the deferential "arbitrary and capricious" standard of review.  In Vaccine Act cases before this Court contesting a special master's determination of reasonable attorney's fees, the applicable standard of review is abuse of discretion.  Hall v. Sec'y of Health & Human Servs., 640 F.3d 1351, 1356 (Fed. Cir. 2011) (citing Saxton ex rel. Saxton v. Sec'y of Health &

---

[3]     The Special Master divided the case into the following five phases: (1) From Initial Client Communication to Filing the Petition; (2) From Filing of Petition to Issuance of 15-Week Order; (3) From Issuance of 15-Week Order to Entry of Judgment; (4) Preparing Initial Attorneys' Fees Submission; and (5) Fees for Fees.  Although the Special Master made deductions of unreasonable billing entries in each of Phases One through Four, he did not find any of the billing entries for Phase Five to be unreasonable, and awarded the entire requested amount.

Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993).  "If the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate."  Hines ex rel. Sevier v. Sec'y of Dep't of Health & Human Servs., 940 F.2d 1518, 1528 (Fed. Cir. 1991).

## Standard for Awarding Attorney's Fees

Special masters are statutorily authorized to determine and award "reasonable attorneys' fees" under the Vaccine Act.  42 U.S.C. § 300aa-15(e)(1) (2012).  To calculate such fees, the Federal Circuit has endorsed the lodestar method.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under the lodestar method, a special master first determines an initial estimate of reasonable fees by multiplying the number of hours reasonably expended by a reasonable hourly rate.  Id. at 1347-48.  After making the initial estimate, the special master "may then make an upward or downward departure to the fee award based on other specific findings."  Id. at 1348.

## The Motion for Review

The United States Court of Appeals for the Federal Circuit found, in Saxton, that the Special Master has discretion in awarding fees and costs in Vaccine Act cases, explaining:

> [The Special Master] "has discretion in determining the amount of a fee award. This is appropriate in view of the [Special Master's] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters."

3 F.3d at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).  Additionally, "[t]he special master is within his discretion in reducing hours that are duplicative, padded, spent on unrelated matters, or not reasonably expended."  Hines ex rel. Sevier v. Sec'y of Dep't of Health & Human Servs., 22 Cl. Ct. 750, 754 (1991).

This discretion, however, is not unfettered.  In order to permit the court to perform its review function and determine whether any abuse of discretion occurred, the special master must provide a description of the reasoning used to reach his conclusions.  Wasson v. Sec'y of the Dep't of Health and Human Servs., 24 Cl. Ct. 482, 486 (1991), aff'd 988 F.2d 131 (Fed. Cir. 1993).  "It is essential that the [special master] provide a reasonably specific explanation for all aspects of a fee determination . . . ."  Perdue v. Kenny A., 559 U.S. 542, 558 (2010).

In its first review of the Special Master's award of fees and costs, this Court found that the Special Master had "fail[ed] to provide adequate specificity to allow meaningful review," and remanded the matter to obtain a clearer explanation of why reductions in the fee award had been made.  Guerrero, 120 Fed. Cl. at 480.  In seeking to comply with the decision of this Court, the Special Master engaged in a line-by-line analysis of the billing entries of Petitioner's attorney and paralegal and set forth his reasons for each individual time segment deducted from the award – including multiple deductions of 0.1 hour per task.  Such an analysis goes beyond what is required of the Special Master, and this Court's earlier decision should not be interpreted to require such detail.  Instead, the Special Master must explain why he determined certain types of work or billing practices to be excessive or identified categories of work to be unnecessary and provide the reason for his deduction based on the work performed.  See Hocraffer v. Sec'y of

Health & Human Servs., No. 99-533V, 2011 U.S. Claims LEXIS 2361, at *40 (Fed. Cl. Nov. 22, 2011) ("the special master properly used a global—rather than line-by-line—approach to determine the reasonable number of hours expended in this case."); Wasson, 24 Cl. Ct. at 483-84 (affirming the Special Master's approach not to "base her decision on a line-by-line evaluation of the petition."). Special masters "need not, and indeed should not, become green-eyeshade accountants" when awarding attorney's fees and costs; rather, the "essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." Fox v. Vice, 131 S. Ct. 2205, 2216 (2011).

Here, Petitioner contends that the Special Master committed legal error and abused his discretion by reducing the number of hours, recategorizing certain attorney billing entries as paralegal tasks and some paralegal billing entries as clerical tasks, consolidating de minimis billing entries, and failing to address other fee award decisions that support Petitioner's fee request.

The Court recognizes the discretion granted to special masters in making fee award decisions. Saxton, 3 F.3d at 1521. Given the Special Master's "superior understanding of the litigation" and the deference owed to the Special Master's exercise of discretion to reduce hours which he deems duplicative, excessive, or unreasonable, the Court affirms the Special Master's reductions in the following categories: (1) excessive work; (2) unnecessary work; (3) email related deductions; (4) conversions of attorney time to paralegal time; (5) duplicative work (other than medical record review and summarization); (6) retention and disbursement agreement related deductions; and (7) clerical or administrative work. The Court reverses the Special Master's reduction of fees related to the review and summarization of medical records because he found the tasks involved to be duplicative. Specifically, the Special Master erroneously characterized three different tasks – attorney review of medical records, paralegal summarization of medical records, and attorney review of the paralegal's summary – as duplicative work and deducted 8.3 attorney hours and 23.5 paralegal hours.

### Excessive Work

The Special Master deducted 6.1 attorney hours, totaling $2,165.50, and 1.5 paralegal hours, totaling $187.50, from Petitioner's fee award for billing he deemed excessive. These deductions encompassed preparation of nine Notices of Filing for exhibits, when only one was necessary, review of the electronic notice of filing of the petition and case assignment notice, and drafting, revising, and finalizing a Notice of Intent to Continue, and settlement negotiations. In addition, with respect to settlement negotiations, the Special Master deducted 5.6 hours of attorney time out of a requested 25.6 hours, and 0.8 hour of paralegal time out of a requested 1.6 hours, because he found that Petitioner's attorney's practice during this period continued to show signs of excessive, duplicative, and unnecessary billing entries. Second SM Op. *21-25. The Special Master also found that "[i]n [his] experience, attorneys who are knowledgeable about the Vaccine Program have negotiated a settlement in similar cases in approximately 10-15 hours. Attorneys with much less experience than [Petitioner's attorney] negotiated a resolution in 22 hours." Id. at *24-25.[4]

---

[4]     Petitioner argues that two recent cases bolster her request for attorney's fees because the Special Master in each awarded a higher number of hours. Second Mot. for Review 20-21

Petitioner has not established that the above deductions were arbitrary, capricious, or an abuse of discretion.  The deductions related to the Notices are matters within the Special Master's particular expertise and experience, and this Court will not second guess those determinations.  Similarly, although settlement negotiations can vary based upon factual and legal issues and personal dynamics, the Court deems the Special Master's fee reduction for settlement negotiations to be reasonable because the Special Master pointed to "signs of excessive duplicative and unnecessary billing entries" that the Special Master was in a superior position to detect.

### Unnecessary Work

The Special Master deducted 1.4 attorney hours, totaling $497, and 1.3 paralegal hours, totaling $162.50, from Petitioner's fee award for billing entries that reflected unnecessary work. These deductions covered paralegal time for the creation of "fee summary monthly narratives," drafting a motion for electronic filing, attorney time spent "reviewing the new guidelines for any effect on this case," receiving and drafting an email regarding the routine 240-Day Notice, and prematurely drafting and revising a Joint Notice to Waive Review of Decision regarding Fees that was never filed and that was similar to notices filed by Petitioner's attorney in prior cases. See Second SM Op. *12, 16-20, 27-28, 34-35.

The Court affirms these deductions as the Special Master is in a superior position to understand the nature and necessity of the work performed and the propriety for charging for such work.

### Email Related Deductions

The Special Master deducted 0.4 attorney hour, totaling $142, from Petitioner's fee award for billing entries which reflected excessive billing practices regarding email communications.  The Special Master determined that it was inappropriate for counsel to charge separately for receiving and responding to emails.  In addition, the Special Master denied fees charged for receiving an email from Respondent's attorney authorizing filing of the Joint Notice Not to Seek Review and instructing the paralegal to file the Notice.  See id. at * 6, 12-13, 14, 30-31.

The Court affirms these deductions as the Special Master is in a superior position to understand the nature of the work performed and the propriety of the charges.

---

(citing Tieu Binh Le v. Sec'y of Health & Human Servs., No. 07-895V, 2014 U.S. Claims LEXIS 839, at *26 (Fed. Cl. Spec. Mstr. July 31, 2014) (awarding $49.527.02, for 152.42 attorney hours at $295 per hour, and 29.88 paralegal hours at $95 per hour)); Yang v. Sec'y of Health & Human Servs., No. 10-33V, 2013 U.S. Claims LEXIS 1293, at *36 (Fed. Cl. Spec. Mstr. Aug. 22, 2013) (awarding a total of $67,275.10, including $49,402.25 in attorneys' and paralegal fees)).  As Respondent correctly noted, however, both cases required more time to reach settlement, required more filings to be made with the Special Master, and contained more complex facts than Petitioner's case.  Resp. to Second Mot. for Review 14-15.

### Conversion of Attorney Time to Paralegal Time

The Special Master deducted 2.2 attorney hours, totaling $781, and awarded 1.5 paralegal hours, totaling $187.50, from Petitioner's fee award for billing entries which he found reflected tasks more properly suited to a paralegal hourly rate than that of an attorney. The Special Master recharacterized the hours regarding email and telephonic communications about medical records, the expert's fees, costs, and invoice, litigation expenses, Petitioner's social security number, drafting an Election to Accept Judgment, and a Statement of Completion. See id. at *8, 19, 31-33, 35.

Recognizing that the Special Master is in a superior position to evaluate the nature of this work, the Court affirms the Special Master's recharacterization of tasks as a reasonable exercise of discretion.

### Duplicative Work

The Special Master deducted 1.9 attorney hours, totaling $674.50, and 0.2 paralegal hour, totaling $25, from Petitioner's fee award for billing entries which he deemed duplicative, because the billing entries either duplicated tasks completed earlier in this litigation or documents prepared for previous litigation. The Special Master awarded 0.4 paralegal hour, totaling $50. These deductions concerned an email regarding a potential expert report which was duplicated in a telephone call billed the same day, drafting a declaration for Petitioner which duplicated much of the petition, reviewing and finalizing the statement of completion, and drafting a routine, two-sentence Joint Notice to Waive Review. See id. at * 8, 16, 20-21, 30.

The Court finds these deductions reasonable as the Special Master is in a superior position to understand the nature of the work performed in this case and prior litigation.

### Retention and Disbursement Agreements

The Special Master deducted 1.3 attorney hours, totaling $461, from Petitioner's fee award for the drafting and preparation of retention agreements with Petitioner and a medical expert, Dr. Steinman, and for drafting and preparation of a disbursement agreement which allowed for disbursement of fee awards to Petitioner's counsel without requiring Petitioner's endorsement. The Special Master reasonably found that these expenses are not commonly billed to the client, and awarded 0.4 paralegal hour, totaling $50, for editing and delivery of these documents to Petitioner and the expert. See id. at *9, 12.

The Court finds these deductions reasonable as the Special Master is in a superior position to understand the nature of the work performed in this case and prior litigation.

### Clerical or Administrative Work

The Special Master deducted 0.4 attorney hour, totaling $142, and 6.8 paralegal hours, totaling $850, from Petitioner's fee award for billing entries which he reasonably deemed clerical or administrative in nature. This work encompassed conferring with paralegal on processing agreements, "scanning and Bates-stamping . . . exhibit[s], revising and finalizing the notice of filing, conducting the ECF entry, and updating the medical records binder," preparing correspondence to Respondent's attorney regarding signing and filing the Settlement Stipulation,

inquiring about Respondent's attorney's physical address, filing the Joint Notice Not to Seek Review and Election to Accept Judgment, changing an address on a letter to the client, and filing the fee application and related exhibits with the Court.  See id. at *10, 18, 29, 31, 30-34, 36.

The Court agrees with the Special Master's assessment of the nature of this work and affirms these deductions.

### Review and Summarization of Medical Records

Petitioner's counsel billed 19.5 hours of attorney time and 23.5 hours of paralegal time for review and summarization of medical records.  The Special Master deducted 8.3 attorney hours and all 23.5 paralegal hours related to this work.  Id. at *10-11, 14.

When the medical records had initially been collected, counsel spent 9.1 hours over several days reviewing these records, which "comprised between 400 and 530 pages."  Id. at *7. The Special Master noted that "[t]his amount of time seems relatively high" but nonetheless gave "Ms. Roquemore the benefit of the doubt."  Id.  A couple of weeks later, the paralegal spent 16 hours preparing a summary of these medical records.  Finding this work duplicative of the attorney review of the records, the Special Master deducted all 16 hours of paralegal time.  Id. at *10.  After another two weeks, counsel "spent a total of 8.3 hours reviewing and revising the medical records summary."  Id. at *10-11.  Finding that "excessive" and "one of the more remarkable tasks that Ms. Roquemore claims she performed," because Petitioner's attorney had already spent more than nine hours reviewing medical records, and "[h]er paralegal spent the equivalent of two entire workdays, creating a summary of those records," the Special Master deducted all 8.3 hours of attorney time spent reviewing and revising the paralegal's summary. Id. at *10-11.

The Special Master also deducted 5.5 hours of paralegal time spent revising the medical record summary and highlighting critical entries following the review by counsel, finding this activity redundant and unnecessary.  Id. at *11.  Finally, the Special Master deducted 2.0 hours of paralegal time spent summarizing additional medical records received later, because he found it duplicative of an earlier 1.2 hours of attorney time spent reviewing these records.  Id. at *14. The Special Master awarded 0.9 hour of attorney time for reviewing updated records.  Id. at *20.

In making his deduction, the Special Master stated:

> In my experience, attorneys frequently delegate to paralegals the task of summarizing medical records initially.  After the paralegal completes a first pass, the attorney should spend some time reviewing the medical records and the summary.  However, Ms. Roquemore did not follow this practice.  Ms. Roquemore's review of the medical records occurred first.  Once the attorney has reviewed the medical records, a separate summarization from the paralegal (and associated review of the summarization) is redundant.

Id. at *11 n.4.

This Court finds the Special Master's approach to counsel and the paralegal's review and summarization of medical records to be unreasonable.  This work is not duplicative, as it comprises three separate and discrete tasks: 1) attorney review of medical records, 2) paralegal

summarization of such records, and 3) attorney review and revision of the paralegal's summarization. Because developing an accurate summary of medical records for reference and advocacy was proper preparation for litigation and/or settlement, these three categories of work were necessary. Given the quantity and nature of the medical records, the time billed was not excessive.

The Special Master's suggestion that counsel's chronological approach deviated from his experience of a common practice does not form a reasonable basis for denying fees. The practice of Petitioner's counsel here could be deemed equally reasonable to the Special Master's observed common practice, as counsel could guide the focus of the paralegal's review into key documents. Understanding some 500 pages of medical records is a critical undertaking for counsel in a vaccine case. The Special Master's deduction of 8.3 attorney hours and 23.5 paralegal hours of this effort, and award of only 11.2 attorney hours and zero paralegal hours, was arbitrary and capricious. The Court reverses the Special Master on these deductions, and finds that Petitioner is entitled to $5,884 for this work.

## Fees for this Motion

Petitioner seeks $22,593.35 in attorney's fees and costs incurred in the preparation of her Second Motion for Review. The requested amount represents 58.6 hours[5] of attorney work at a rate of $365 per hour, 9.0 hours of paralegal work at a rate of $125 per hour, and $68.40 in costs. Respondent argues that this Court should decline to award any fees for this motion, contending that this Motion for Review is frivolous, that the fee request is excessive, and that, if awarded, Petitioner will have recovered more than twice as much in attorney's fees for litigating fees than for litigating the underlying injury. Resp. to Second Mot. for Review 15-17.

The Vaccine Act empowers this Court to award compensation for reasonable attorney's fees and other costs incurred in a Vaccine Act case. 42 U.S.C. § 300aa-15(e)(1); see also Vaccine Rule 34(b) ("Following review by an assigned judge of a special master's decision on attorney's fees and costs under Vaccine Rule 13, a request for any additional fees and costs relating to such review may be decided either by the assigned judge or by the special master on remand."). In light of this Court's adjudication of Petitioner's first and second Motions for Review and familiarity with the arguments of counsel, it is appropriate for this Court to address Petitioner's requested attorney's fees and costs incurred in this proceeding. See Hocraffer, 2011 U.S. Claims LEXIS 2361, at *42 (awarding requested fees for preparation of a motion for review).

In determining whether Petitioner's counsel's requested fee award is reasonable, this Court uses the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate, and then assessing whether an upward or downward adjustment is warranted based on other specific findings. Avera, 515 F.3d at 1347-48. The time sheets submitted by Petitioner with this Motion reflect: (1) attorney time by Ms. Roquemore of 59.3 hours, spent reviewing and analyzing the Special Master's decision, researching relevant case

---

[5]     Although Petitioner requests attorney's fees for 58.63 hours of attorney work, the billing invoices submitted to the Court with the Motion for Review reflect 59.3 hours of billed attorney work. This discrepancy is left unexplained by Petitioner, and the Court bases this decision on the amount requested and assumes this amount to be 58.6 hours.

law, consulting with peers, and drafting a 24-page Motion for Review raising three substantive issues; (2) 9.0 hours of paralegal time spent assisting in the preparation and filing of the Motion for Review; and (3) $68.40 in miscellaneous costs.  Second Mot. for Review Att. I.

Upon consideration of the detailed Special Master's Opinion, the research required for the Motion, and the arguments articulated by Petitioner, the Court finds that the number of hours Petitioner's attorney and paralegal expended on this Motion for Review were reasonable, and sufficiently similar to the number of hours awarded in previous cases.  Cf. Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2013 U.S. Claims LEXIS 214, at *50 (Fed. Cl. Spec. Mstr. Mar. 1, 2013) (awarding compensation for 50 hours for time spent researching, writing, and editing a motion for review of a fee application); and Doe/11 ex rel. Child Doe/11 v. Sec'y of the Dept. of Health & Human Servs., 89 Fed. Cl. 661, 667 (2009) (awarding 160.2 attorney hours for two motions for review of the decisions of a special master).

As to Petitioner's counsel's hourly rate, the Court finds, as it did in Petitioner's first Motion for Review, that $365 is a reasonable hourly rate.  Guerrero, 120 Fed. Cl. at 484-85 ("Petitioner's counsel is clearly experienced in Vaccine Act cases . . . . Petitioner requests $365 per hour here, a $10 per hour increase from what she requested from the Special Master in this case for work performed in 2012 and 2013.  This increase is a reasonable amount for inflation.") (internal citations and quotation marks omitted).  The Court also finds Petitioner's paralegal rate of $125 per hour reasonable.  Id. at 485.  Petitioner's costs of $68.40 in preparing this Motion for Review, consisting of copying costs in preparing the Motion for filing, are also reasonable.

The Court awards fees and costs of $22,593.35 for the second Motion for Review.  In the Court's view, there are no particular circumstances that warrant an upward or downward adjustment of the reasonable fees and costs.

## Conclusion

The decision of the Special Master is **AFFIRMED IN PART** and **REVERSED IN PART** as explained above.  The Special Master has provided a thorough analysis of his disallowances of Petitioner's claimed fees and reasonably deducted billings for excessive, duplicative, and unnecessary work, and tasks billed improperly at attorney rates, or not properly billed to the client.  As such, the Court affirms these deductions.  However, with respect to counsel's and her paralegal's review and summarization of medical records, the Special Master erroneously characterized three discrete tasks, i.e. counsel's review of medical records, the paralegal's summarization of those records, and counsel's revision and review of the paralegal's summary as a single, duplicative task.  This Court finds that conclusion arbitrary and capricious.  The Court determines that the time billed for this work was reasonable and necessary and concludes that an additional $5,884 in fees is properly awarded.

The Court determines that Petitioner's counsel is entitled to a fee award of $55,957.71.  In addition, this Court awards Petitioner fees and costs totaling $22,593.35 related to this Motion for Review.  Judgment shall be entered accordingly.

s/ Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**

11